## THE VOLUND.

### (Circuit Court of Appeals, Second Circuit. October 12, 1910.)

#### Nos. 279–282.

COLLISION (§ 154*)—SUITS FOR DAMAGES—COSTS.

Where a libelant in a suit for collision against a vessel recovered, and the charterer, brought in by the ship, was also dismissed as not liable, both libelant and charterer are entitled to costs and disbursements against the ship.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 308; Dec. Dig. § 154.*]

Appeals from the District Court of the United States for the Southern District of New York.

Suits in admiralty by Charles W. Dumont against the steamship Volund and the Higginson Manufacturing Company, and by Etta Gracie, as administratrix of Stewart Gracie, deceased, by Eliza S. Dodge, as administratrix of Gladys Dodge, deceased, and by Joseph M. Hanigan against O. Irgens and A. Irgens and the Higginson Manufacturing Company. On settlement of costs.

See, also, 181 Fed. 643.

Wallace, Butler & Brown (Frederick M. Brown, of counsel), for The Volund.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. When opinion in these causes was handed down (July 26, 1910), and when the mandate was subsequently signed, nothing was said about the costs in the District Court, although the cause was remanded to that court for "appropriate action"—that is, for final disposition in accordance with the views expressed in our opinion. It was supposed that the District Court would dispose of any question as to costs which might arise upon such final disposition. It now appears that the District Court is of the opinion that, by reason of our failure to award costs of that court to the libelants or to the Higginson Company, it is without power itself to make such award, but must enter a decree strictly in conformity to the mandate. The District Judge, however, intimates that there are in his judgment sufficient grounds for the claims made for such costs to warrant the parties making them to apply to this court for a settlement of the question.

The libelants proceeded against the ship and have prevailed in both courts. There is no reason apparent why the costs (and disbursements) necessary to the prosecution of their several claims in both courts should not be included in their final decrees against the ship.

The Higginson Company, charterer, was brought into the cause upon petition of the ship. It has now been held that such petition should have been denied and the charterer released. The company has insisted throughout that it was not liable, and that it ought not to have been brought in, and there is no reason why it should not be entitled to costs and disbursements in the District Court upon its final dis-

missal from the case, and the only person liable therefor is the ship which brought it in.

If the District Court thinks it necessary that this court should amend the mandate, so as to provide specifically for the costs in that court, the same may be returned for such disposition. But it is thought that this expression of opinion, coupled with the direction in the mandate to take "appropriate action," will be sufficient authority without any amendment.